IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULJALIL M. MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:05-cv-01538 |
| SODEXHO, INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Sodexho, Inc., by and through undersigned counsel, pursuant to Rules 8 and 12, Fed. R. Civ. P., states and alleges as follows for its Answer to the Complaint of Plaintiff, AbdulJalil M. Maryland.

## FIRST DEFENSE

Plaintiff's two-page complaint contains nine unnumbered paragraphs. Defendant admits or denies the sequentially numbered paragraphs in the Complaint as follows:

1.     Defendant admits that Plaintiff worked for Defendant at various times in various positions until he was terminated for, among other reasons, using profanity on June 10, 2005. The remaining allegations in the first paragraph are denied, except that Defendant is without sufficient knowledge or information to admit or deny the actions taken with respect to unidentified employees.

2.     Denied.

- 2 -

      3.     Defendant admits that Pete Poling, the general manager of Defendant's account at the National Geographic Society, spoke to Plaintiff about the incident that took place between Tvedt Overton and Plaintiff on June 10, 2005, for which Plaintiff was terminated, including Plaintiff's use of profanity, but denies the version of events as alleged by Plaintiff.  Defendant denies that Mr. Poling was mentioned in Plaintiff's EEOC Charge No. 100-2004-00685 against Defendant.  Defendant is without sufficient knowledge or information to admit or deny what Plaintiff may have witnessed with respect to unidentified employees and unidentified managers.  The remaining allegations in the third paragraph are denied.

      4.     Defendant denies the first two sentences in the fourth paragraph, admits that Fabian was not terminated in January 2004 and that he made an apology at work for using inappropriate language.  Defendant is without sufficient knowledge or information to admit or deny what Plaintiff may have witnessed, denies that a manager caught Fabian drinking on the job, and denies the remaining allegations in the fourth paragraph.

      5.     Defendant admits that Plaintiff accused Mark Edwards of using abusive language towards him, and that Plaintiff spoke to management about the incident.  The remaining allegations in the fifth paragraph are denied.

      6.     Defendant admits that Plaintiff complained to Mr. Poling about Maria Avelar and that Mr. Poling informed her that she needs to stay

clear of Plaintiff. The remaining allegations in the sixth paragraph are denied.

7. Defendant is without sufficient knowledge or information to admit or deny allegations involving an unidentified employee.

8. Denied.

9. Denied.

### PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiff for any reason. Plaintiff is not entitled to any of the relief requested in the Complaint.

Any allegation not specifically admitted herein should be deemed denied.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claim is not actionable because the employment decision challenged is justified by legitimate, non-retaliatory and non-pretextual business reasons and was based upon reasonable factors other than Plaintiff's prior EEOC charge.

### FOURTH DEFENSE

Defendant would have taken the same action complained of by Plaintiff in the absence of the alleged retaliation.

## FIFTH DEFENSE

Some of Plaintiff's claims cannot be litigated because they are beyond the scope of his administrative charge.

## SIXTH DEFENSE

Plaintiff has failed to mitigate the damages, if any, that he claims against Defendant.

## SEVENTH DEFENSE

Some of Plaintiff's claims are barred by the doctrine of waiver and release.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## NINTH DEFENSE

Defendant's actions were done in good faith, without malice and without intent such that the relief sought (including, but not limited to, punitive damages) is not available.

## TENTH DEFENSE

The damages requested by Plaintiff exceed the amount permitted by applicable law.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award Defendant its costs and

- 5 -

reasonable attorneys' fees incurred in this lawsuit, and allow Defendant such other and further relief as this Court deems just and property.

                                  Respectfully submitted,

                                  /s/
                              Todd J. Horn
                              D.C. Bar No. 470780
                              Venable LLP
                              1800 Mercantile Bank & Trust Bldg.
                              Two Hopkins Plaza
                              Baltimore, Maryland  21201
                              Phone:  (410) 244-7709
                              Fax:  (410) 244-7742
                              Email:  thorn@venable.com

                              Counsel for Defendant.

- 6 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of December, 2005, a copy of the foregoing Defendant's Answer to Plaintiff's Complaint and Notice of Electronic Filing was mailed, first class, postage prepaid, to:

>AbdulJalil M. Maryland
>11440 Amherst Avenue, #18
>Silver Spring, Maryland  20902-4515
>(301) 949-1717
>
>Plaintiff.

/s/
Todd J. Horn
