IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL-JALIL MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 05-1538 (RMC) |
| | * | |
| SODEXHO, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \*     \* \* \* \* \* \*

**LOCAL CIVIL RULE 16.3 REPORT TO THE COURT**

Pursuant to Rule 26(f), Fed. R. Civ. P., and Local Civil Rule 16.3, Defendant Sodexho, Inc., by undersigned counsel, respectfully submits this report.[1] The numbered paragraphs below correspond to those in Local Civil Rule 16.3(c).

1. Dispositive Motions.

The parties do not expect that dispositive motions will be filed until after they have taken discovery, after which they will determine whether any motions for summary judgment or partial summary judgment should be

---

[1] Pursuant to the Court's April 12, 2006 order for initial scheduling conference, on April 21, 2006, defense counsel spoke with Plaintiff to discuss this Local Rule 16.3 Report. Defense counsel thereafter sent a draft of the report to Plaintiff for his review, and followed up with telephone calls. Plaintiff, however, did not respond to these calls or correspondence before this report was due to the Court. As a result, this Rule 16.3 Report includes Defendant's proposed deadlines, the areas where the parties agreed, and the areas – indicated with blank spaces – where Plaintiff wanted to propose alternative dates. Defendant has filed simultaneously a proposed scheduling order that reflects the dates it proposes herein.

submitted. At present, Defendant considers that there is a substantial possibility that it may later file a motion for summary judgment.

    2.    <u>Joinder of Parties, Amendment of Pleadings, and Narrowing of Issues.</u>

Defendant proposes that the scheduling order provide that any motion for leave to amend the pleadings be filed by June 19, 2006, and Plaintiff proposes a date of _____. With regard to narrowing of issues, the parties will discuss a stipulation of certain facts as the litigation progresses, but it is not known at present whether such a stipulation can be reached.

    3.    <u>Assignment to Magistrate Judge</u>.

The parties are not agreeable to such an assignment at this time.

    4.    <u>Possibility of Settlement.</u>

The parties do not believe that there is a realistic possibility of settling the case.

    5.    <u>Alternative Dispute Resolution</u>.

The parties believe that ADR is not likely to be fruitful at this time, although they will give further consideration to the matter as the case progresses, and if they mutually deem it potentially useful, will promptly so advise the Court.

    6.    <u>Dispositive Motions</u>.

Defendant considers that a motion for summary judgment as to the merits may be warranted. Defendant proposes that any dispositive motions should be filed 30 days after the close of discovery, that oppositions shall be filed 30 days later, and that reply briefs shall be filed 15 days later. Plaintiff proposes

_____. If any such motions are filed, the parties respectfully request that the Court, schedule permitting, try to rule on them within 60-90 days after the last filing or after a hearing, if one is held, depending upon the complexity of the issues presented.

7.  Initial Disclosures.

The parties have agreed to dispense with initial disclosures under Rule 26(a)(1), Fed. R. Civ. P.

8.  Extent of Discovery.

Each party expects to serve interrogatories, document requests, and take depositions. Depending on the developments on the case, the parties may also file requests for admissions and/or examinations under Rules 35 and 36, Fed. R. Civ. P. Absent developments that require further agreement between the parties or motions to the Court, the parties do not consider that the limits on the number of interrogatories, depositions, or other discoveries set forth in the Rules need to be extended. Defendant proposes that all discovery should be completed within 120 days of the date the Court issues a scheduling order. Plaintiff proposes _____. The parties anticipate entering into a mutually agreeable protective order to safeguard confidential information (such as personnel information), although the parties believe that they will be able to agree on the terms of such an order should one be required.

9.  Experts.

Defendant proposes that the provisions of Rule 26(a)(2), Fed. R. Civ. P., should be complied with, and that Plaintiff will make his disclosures at

least 75 days before the close of discovery, and Defendant will make its disclosures at least 30 days before the close of discovery. Plaintiff proposes _____. The parties agree that the depositions of experts, if any, shall be completed by the close of discovery.

10. Class Actions.

This is not a class action.

11. Bifurcation.

The parties agree that there should not be bifurcation of the trial and/or discovery.

12. Pretrial Conference.

The parties agree that the pretrial conference should take place approximately 45 days after the Court rules on dispositive motions, if any.

13. Trial Date.

The parties consider that it is too early to set a firm trial date, and that a trial date should be set at the pretrial conference.

Respectfully submitted,

_____/s/_____
Todd J. Horn
D.C. Bar No. 470780
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland 21201
Phone: (410) 244-7709
Fax: (410) 244-7742
Email: thorn@venable.com

Counsel for Defendant.

- 4 -

BA2/291430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2006, a copy of the foregoing Local Rule 16.3 Report to the Court was mailed, first class, postage prepaid, to:

>Abdul-Jalil  Maryland
>11440 Amherst Avenue, Apt. 18
>Silver Spring, Maryland  20902-4515
>(301) 949-1717
>
>Plaintiff.

>/s/
>Todd J. Horn