IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL-JALIL MARYLAND,   *

    Plaintiff,   *

v.   *   Civil Action No. 05-1538 (RMC)

      *

SODEXHO, INC.,

      *

    Defendant.

      *

\*   \*   \*   \*   \*   \*         \*   \*   \*   \*   \*   \*

**JOINT LOCAL CIVIL RULE 16.3 REPORT TO THE COURT**

Pursuant to Rule 26(f), Fed. R. Civ. P., and Local Civil Rule 16.3, Plaintiff, AbdulJalil Maryland, and Defendant Sodexho, Inc., by undersigned counsel, respectfully submit this report.

    A.    <u>Plaintiff's Brief Statement of the Case</u>.

Plaintiff, AbdulJalil Maryland, brings this action under Title VII of the Civil Rights Act of 1964.  Mr. Maryland is an African-American male who is a member of the Islamic faith.  Mr. Maryland was subjected to discrimination while employed by Defendant, Sodexho, Inc. ("Sodexho").  Mr. Maryland was treated disparately and was the subject of retaliation as a result of participating in an EEOC proceeding.  Sodexho fired Mr. Maryland after an incident with a fellow employee.  Unprovoked by Mr. Maryland, an employee approached Mr. Maryland and made threats. When Mr. Maryland repeatedly tried to get away from the employee he was repeatedly followed.  Mr. Maryland eventually

defended himself verbally.  For this, Sodexho purportedly terminated Mr. Maryland.

      B.      <u>Defendant's Brief Statement of the Case</u>.

In this lawsuit brought under Title VII of the Civil Rights Act of 1964, Plaintiff AbdulJalil Maryland alleges that he was terminated in retaliation for filing a charge against Defendant with the Equal Employment Opportunity Commission.  Contrary to Plaintiff's allegations, Plaintiff was terminated because he instigated an altercation with another employee which included Plaintiff launching a barrage of profanity and racial slurs.  In addition to the legitimate, non-retaliatory reasons for Plaintiff's termination, Plaintiff cannot identify any similarly-situated employee who engaged in this type of misconduct and was not terminated.

      C.      <u>Local Rule 16.3(c) Topics</u>.

The numbered paragraphs below correspond to those in Local Civil Rule 16.3(c).

      1.      <u>Dispositive Motions</u>.

The parties do not expect that dispositive motions will be filed until after they have taken discovery, after which they will determine whether any motions for summary judgment or partial summary judgment should be submitted.  At present, Plaintiff does not expect to file dispositive motions, but this may change in view of discovery; Defendant considers that there is a substantial possibility that it may later file a motion for summary judgment.

BA2/303792

2. <u>Joinder of Parties, Amendment of Pleadings, and Narrowing of Issues.</u>

The parties propose that the scheduling order provide that any motion for leave to amend the pleadings be filed within 30 days of the date the Court issues a scheduling order. With regard to narrowing of issues, the parties will discuss a stipulation of certain facts as the litigation progresses, but it is not known at present whether such a stipulation can be reached.

3. <u>Assignment to Magistrate Judge</u>.

The parties are not agreeable to such an assignment at this time.

4. <u>Possibility of Settlement.</u>

Plaintiff is optimistic regarding the possibility of settlement. Defendant does not believe that there is a realistic possibility of settling the case.

5. <u>Alternative Dispute Resolution</u>.

Plaintiff believes that mediation could be useful in resolving this case. Defendant believes that ADR is not likely to be fruitful at this time, although it will give further consideration to the matter as the case progresses, and if it, along with plaintiff, mutually deem it potentially useful, will promptly so advise the Court.

6. <u>Dispositive Motions</u>.

Plaintiff does not expect to file dispositive motions, but this may change in view of discovery. Defendant considers that a motion for summary judgment as to the merits may be warranted. The parties propose that any dispositive motions should be filed 30 days after the close of discovery, that

BA2/303792

oppositions shall be filed 30 days later, and that reply briefs shall be filed 15 days later. If any such motions are filed, the parties respectfully request that the Court, schedule permitting, try to rule on them within 60-90 days after the last filing or after a hearing, if one is held, depending upon the complexity of the issues presented.

7.  Initial Disclosures.

The parties have agreed to exchange initial disclosures under Rule 26(a)(1), Fed. R. Civ. P. within 25 days of the date the Court issues a scheduling order.

8.  Extent of Discovery.

Each party expects to serve interrogatories, document requests, and take depositions. Depending on the developments on the case, the parties may also file requests for admissions and/or examinations under Rules 35 and 36, Fed. R. Civ. P. Absent developments that require further agreement between the parties or motions to the Court, the parties do not consider that the limits on the number of interrogatories, depositions, or other discoveries set forth in the Rules need to be extended. The parties propose that all discovery should be completed within 150 days of the date the Court issues a scheduling order. The parties anticipate entering into a mutually agreeable protective order to safeguard confidential information (such as personnel information), although the parties believe that they will be able to agree on the terms of such an order should one be required.

9.  <u>Experts</u>.

The parties propose that the provisions of Rule 26(a)(2), Fed. R. Civ. P. should be complied with, and that Plaintiff will make his disclosures at least 75 days before the close of discovery, and Defendant will make its disclosures at least 30 days before the close of discovery. The parties agree that the depositions of experts, if any, shall be completed by the close of discovery.

10. <u>Class Actions</u>.

This is not a class action.

11. <u>Bifurcation</u>.

The parties agree that there should not be bifurcation of the trial and/or discovery.

12. <u>Pretrial Conference</u>.

The parties agree that the pretrial conference should take place approximately 45 days after the Court rules on dispositive motions, if any.

13. <u>Trial Date</u>.

The parties consider that it is too early to set a firm trial date, and that a trial date should be set at the pretrial conference.

                              Respectfully submitted,

                              /s/
                            Cedric C. Y. Tan (D.C. Bar No. 464848)
                            Robert F. Vroom
                            KENYON & KENYON LLP
                            1500 K Street NW
                            Washington, DC 20005
                            Phone: (202) 220-4200
                            Fax: (202) 220-4201
                            Email: ctan@kenyon.com

Counsel for Plaintiff.

_____/s/_____
Todd J. Horn
D.C. Bar No. 470780
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland  21201
Phone:  (410) 244-7709
Fax:  (410) 244-7742
Email:  thorn@venable.com

Counsel for Defendant.

- 6 -