UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULJALIL M. MARYLAND,<br>      *Plaintiff*,<br><br>   v.<br><br>SODEXHO, INC.,<br>      *Defendant.* | Civil Action No. 05-1538 (RMC)<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff AbdulJalil Maryland, by and through its undersigned attorneys, alleges upon knowledge as to his own acts and upon information and belief as to the acts of others, that:

**Nature of the Action**

1. This is an action for violations of Title VII and the District of Columbia Human Rights Act by Defendant Sodexho, Inc. ("Sodexho"). While employed by Sodexho in the District of Columbia, Plaintiff AbdulJalil Maryland was subjected to discrimination, including disparate treatment and hostile work environment, due to his religious affiliation and was retaliated against for complaining about the wrongful discrimination.

2. In 2004, Mr. Maryland filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In November 2004, the Parties entered into a Mediation Settlement Agreement. Sodexho subsequently violated this agreement by committing further acts of discrimination which culminated with Sodexho firing Mr. Maryland and

attempting to prevent Mr. Maryland from collecting unemployment benefits. A true and correct copy of the Mediation Settlement Agreement is attached hereto as Exhibit A.

**Parties**

3. Plaintiff AbdulJalil Maryland is an African-American male and a member of the Islamic faith who resides in the state of Maryland. Mr. Maryland was an employee of the Defendant at its account with the National Geographic Society in the District of Columbia.

4. Defendant Sodexho, Inc. is a Maryland corporation that provides food-industry related goods and services including those at the National Geographic Society in the District of Columbia.

**Jurisdiction and Venue**

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391.

**Facts Common to All Counts**

7. In 1998, Mr. Maryland began his employment with Sodexho at its account with the Smithsonian. In July 2001, Mr. Maryland began working at Sodexho's account with National Geographic Society in the District of Columbia in the position of Receiver. After the tragic events of September 11, 2001, Plaintiff began experiencing discrimination and disparate treatment due to his religious affiliation.

8. Mr. Maryland made many informal complaints regarding this discrimination, but the discrimination continued.

9. For example, Mr. Maryland applied for a new position in September 2003. The Defendant stated that he did not receive the promotion because he attended prayer services on Fridays.

10. Mr. Maryland filed a formal complaint (100-2004-00685) with the D.C. Office of Human Rights and the EEOC in April 2004.

11. In that complaint, Mr. Maryland charged that Defendant subjected him to "a hostile work environment and different terms and conditions in hiring because of [his] religion, Islam, in violation of Title VII of the Civil Rights Act of 1964, as amended."

12. In November 2004, Mr. Maryland and the Defendant settled this EEOC complaint.

13. However, in violation of the terms of that agreement, and in violation of Title VII and the D.C. Human Rights Act, Mr. Maryland was subjected to further discrimination, including disparate treatment and hostile work environment, and retaliation for his complaints.

14. For example, Mr. Maryland was repeatedly harassed by an employee named Maria Avelar. Mr. Maryland complained several times to his manager, Peter Poling, regarding this abusive behavior, but no action was taken against Ms. Avelar. Only after Mr. Maryland wrote a letter in March 2005 to Mr. Poling and Mr. Ellis (Human Resources director) stating his belief that his only avenue for relief was to seek a restraining order against Ms. Avelar did Defendant take action. However, that action was limited to telling Ms. Avelar to stay away from Mr. Maryland.

15. On June 10, 2005, about seven months after settling the EEOC complaint, Mr. Maryland was fired from his job. Purportedly, Mr. Maryland was terminated for using profanity. However, the reason Mr. Maryland used the language in question was that he was being accosted and threatened by a co-worker, Tvedt Overton. After requesting Mr. Overton to

calm down and leave him alone, Mr. Overton again threatened Mr. Maryland, and out of fear, Mr. Maryland used profanity for which he was purportedly terminated – this is in stark contrast to the other employees of Defendant who used profanity but were not terminated.

16. For example, in January 2004, an employee of Defendant named Fabian used profanity against his manager, Shiquita McCray.  After Ms. McCray asked Fabian to place a display plate out.  Fabian's response to her was "fuck you, do it your mother fucking self bitch."  The only action taken against Fabian was that he was required to apologize.

17. The foregoing and other acts of discrimination, including disparate treatment and hostile work environment, and retaliation for his complaints have severely affected Mr. Maryland.

## **COUNT I**

18. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

19. Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* by subjecting him to disparate treatment because of his religious affiliation.

20. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

21. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of 42 U.S.C. § 2000e *et seq.*

## COUNT II

22. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

23. Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. by subjecting him to a hostile work environment because of his religious affiliation.

24. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

25. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of 42 U.S.C. § 2000e *et seq*.

## COUNT III

26. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

27. Plaintiff improperly retaliated against Defendant in violation of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.

28. Plaintiff's filing of an EEOC Charge of Discrimination and complaints of discrimination are protected activities under 42 U.S.C. § 2000e *et seq*.

29. Defendant committed adverse employment actions against Plaintiff.

30. Plaintiff's protected activities are causally connected to the Defendant's adverse employment actions against Plaintiff.

31. As a consequence of Defendant's wrongful actions, Plaintiff suffered and continues to suffer harm, including lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

## COUNT IV

32. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

33. Defendant discriminated against Plaintiff in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, by subjecting him to disparate treatment because of his religious affiliation.

34. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

35. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*

## COUNT V

36. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

37. Defendant discriminated against Plaintiff in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, by subjecting him to a hostile work environment because of his religious affiliation.

38. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

39. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*.

## COUNT VI

40. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if restated fully herein.

41. Plaintiff improperly retaliated against Defendant in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*.

42. Plaintiff's filing of an EEOC Charge of Discrimination and complaints of discrimination are protected activities under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*.

43. Defendant committed adverse employment actions against Plaintiff.

44. Plaintiff's protected activities are causally connected to the Defendant's adverse employment actions against Plaintiff.

45. As a consequence of Defendant's wrongful actions, Plaintiff suffered and continues to suffer harm, including lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

## JURY TRIAL DEMANDED

46. Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief**

47. WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

   a. an award for compensatory damages, lost wages and benefits, and punitive damages in an amount appropriate to the proof adduced at trial;

   b. attorney's fees;

   c. costs, including expert fees; and

   d. such other and further relief as this Honorable Court finds just and proper.

Dated:  December 29, 2006                    Respectfully submitted,

                                             _____/s/_____

                                             Gary S. Morris  (D.C. Bar # 457851)
                                             Cedric C. Y. Tan  (D.C. Bar # 464848)
                                             Robert F. Vroom
                                             KENYON & KENYON LLP
                                             1500 K Street NW
                                             Washington, DC 20005-1257
                                             Tel:  (202) 220-4200
                                             Fax: (202) 220-4201
                                             gmorris@kenyon.com

                                             Attorneys for Plaintiff
                                             AbdulJalil M. Maryland

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington Field Office

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
(202) 275-7377
TTY (202) 275-7518
FAX (202) 275-6834 & 0025

## MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: 100200400685

CHARGING PARTY: Abdulijalil M. Maryland

RESPONDENT: Sodexho

1. In exchange for the promises made by Sodexho (Respondent) obtained through the U.S. Equal Employment Opportunity's mediation process pursuant to its Charge 100-2004-00685, Abdulijalil M. Maryland (Charging Party) agrees not to institute a law suit under Title VII of the Civil Rights Act of 1964, as amended.

2. Further we agree that submission of this agreement to EEOC will constitute a request for closure of EEOC Charge Number 100-2004-00685.

3. It is understood that this agreement does not constitute an admission by Respondent of any violation of Title VII of the Civil Rights Act of 1964, as amended.

4. Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the ADA, the ADEA or Title VII, as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

5. This document constitutes a final and complete statement of the agreement between the Charging Party, Respondent, and EEOC.

6. The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

7. As evidence of a good faith effort to resolve EEOC Charge Number 100200400685, Respondent offers and Charging Party accepts the following proposal of settlement:
   a.  Respondent agrees to provide the Charging Party with a lump sum payment in the amount of two thousand dollars (**$2,000.00**) by December 3, 2004;

   b.  Respondent agrees to increase the Charging Party's hourly pay rate from $10.30 per hour to $11.00 per hour by December 3, 2004.

Sodexho Management, Inc

Kimberly Horse
**Respondent** Senior EEO Representative

Nov 22, 2004
**Date**

_[signature]_
**Charging Party**

Nov. 17, 2004
**Date**

In reliance on the promises made in paragraphs one through seven above, EEOC agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination Act of 1967 as amended, or the Americans with Disabilities Act of 1990, as amended. EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On Behalf of the Commission:

_Dana R. Hutter_
Dana Hutter
Acting Director

11/22/04
**Date**