IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULJALIL MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 05-1538 (RMC) |
| | * | |
| SODEXHO, INC., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT**

**I. INTRODUCTION**

In his six-count amended complaint, the Plaintiff Abduljalil Maryland asserts employment discrimination claims against Defendant Sodexho, Inc. that are untimely, were never the subject of the required administrative charge, or are barred by a release agreement he signed with Sodexho. In this regard, following his termination by Sodexho in June 2005 for screaming racial obscenities at an African-American co-worker during an altercation he initiated, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming that he was terminated in retaliation for filing an EEOC charge against Sodexho in 2004. Plaintiff subsequently filed a lawsuit in this Court limited to that single claim – retaliatory termination under Title VII of the Civil Rights Act of 1964 ("Title VII"). In his amended complaint, however, Plaintiff tries to significantly

expand this case with claims of religious discrimination, religious harassment, and non-termination incidents of retaliation under Title VII and the D.C. Human Rights Act.

As will become clear in the pages that follow, the new claims Plaintiff asserts in his amended complaint should be dismissed. Plaintiff cannot litigate claims of religious discrimination or harassment under Title VII because his EEOC charge did not allege those claims; it **only** alleged retaliatory termination. In this Circuit, a plaintiff cannot litigate Title VII claims that he did not first raise in an underlying EEOC charge. In addition, Plaintiff's claims under the D.C. Human Rights Act are barred by the applicable one-year limitations period. Because Plaintiff was terminated on June 10, 2005, the statute of limitations under the D.C. Human Rights Act expired on June 10, 2006 at the latest – over six months ago. Moreover, on November 17, 2004, Plaintiff signed a settlement agreement in which he released Sodexho from "any and all claims, demands, and causes of action of any kind whatever…" To the extent Plaintiff asserts claims arising prior to his execution of that agreement, those claims should be dismissed as well.

## II. PROCEDURAL BACKGROUND

Sodexho is a food and facilities management services company. Sodexho has a contract with the National Geographic Society to provide

cafeteria services, and Plaintiff worked for Sodexho at that unit.[1]  On July 3, 2004, Plaintiff filed a charge of discrimination with the EEOC alleging that he was denied a promotion and harassed because of his religion, Islam, in violation of Title VII.  See Exh. 1.

The parties accepted the EEOC's invitation to engage in mediation and settled the dispute.  See Exh. 2.  In exchange for a monetary payment, on November 17, 2004, Plaintiff signed an agreement in which he:

> [released] Sodexho from any and all claims, demands, and causes of action of any kind whatever (collectively referred to "Claims"), whether known or unknown, which he now has or ever has had against it, from the beginning of time to the date of this agreement.

See Exh. 3 at ¶ 2.

On June 10, 2005, Plaintiff was terminated from Sodexho because he instigated an altercation with another employee which included Plaintiff launching a barrage of profanity and racial slurs.  Thereafter, Plaintiff filed a charge with the EEOC asserting one claim:  that he was terminated in violation of Title VII in retaliation for filing his 2004 charge of discrimination.  See Exh. 4.  After receiving a right to sue notice from the EEOC (see Exh. 5), Plaintiff filed this lawsuit on July 29, 2005 alleging that he was terminated in violation of Title VII in retaliation for filing his previous EEOC charge.

---

[1]  Plaintiff worked for Sodexho Management, Inc., a wholly-owned subsidiary of Sodexho, Inc.

On January 3, 2007, Plaintiff filed an amended complaint in which he seeks to litigate claims that are time barred, beyond the scope of his EEOC charge, or were released pursuant to the settlement agreement he executed in 2004. Plaintiff's amended complaint raises the following claims:

Count I:    Religious discrimination under Title VII.

Count II:   Religious harassment under Title VII.

Count III:  Retaliation under Title VII.

Count IV:   Religious discrimination under the D.C. Human Rights Act.

Count V:    Religious harassment under the D.C. Human Rights Act.

Count VI:   Retaliation under the D.C. Human Rights Act.

As set forth below, the only claim that should survive dismissal is Plaintiff's Title VII claim in count III that he was terminated in retaliation for filing his 2004 EEOC charge. The remaining claims should be dismissed.

### III.  LEGAL DISCUSSION

**A.    The Court Should Dismiss Plaintiff's Title VII Claims That Are Beyond The Scope Of His EEOC Charge.**

It is well-settled in this Circuit that only those claims asserted in an EEOC charge itself or developed in a reasonable course of the investigation of that charge may be maintained in a subsequent federal lawsuit. See Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996) (lawsuit following the filing of an EEOC charge must be "limited in scope to claims that are like or reasonably related to the

allegations of the charge and growing out of such allegations.") (citation omitted); Bugg-Barber v. Randstad US, L.P., 271 F. Supp.2d 120, 131-32 (D.D.C. 2003); Christopher v. Billington, 43 F. Supp.2d 39, 47-48 (D.D.C. 1999).

Plaintiff's lawsuit is predicated on an EEOC charge in which he ***only*** alleged that he was discharged for retaliatory reasons. See Exh. 4. Plaintiff only checked the "retaliation" box, and the text of his charge was limited to retaliation. See Exhs. 4 and 5. Nowhere did Plaintiff allege religious discrimination or harassment, nor did he allege any incidents of retaliation other than his termination. In his amended complaint, however, Plaintiff claims that he was discriminated against and harassed because of his religious affiliation and subjected to retaliatory "adverse employment actions" in violation of Title VII. See Complaint at Counts I-III.[2/]

Because Plaintiff never raised claims of religious discrimination, harassment or retaliation (beyond his termination) with the EEOC, those claims under Title VII should be dismissed. See Park, 71 F.3d at 908 (finding that plaintiff failed to exhaust her administrative remedies because her EEOC charge contained no claims or factual allegations that could reasonably be expected to lead to a hostile work environment claim); Hunt v. D.C. Dep't of Corrections, 41 F. Supp.2d 31, 36 (D.D.C. 1999) (dismissing

---

[2/]   Plaintiff cannot base his claims on his 2004 EEOC charge because he released Sodexho from those claims. See Section III C, infra.

plaintiff's gender discrimination claim because she failed to "check the box" for gender discrimination on the EEOC claim form, and no claim of gender discrimination could be inferred from her charge).

### B. Plaintiff's Claims Under the D.C. Human Rights Act Should Be Dismissed Because They Are Barred By The Applicable Statute Of Limitations.

In counts IV-VI, Plaintiff alleges violations of the D.C. Human Rights Act ("D.C. Act"). The limitations period for a civil action alleging employment discrimination under the D.C. Act is one year. See D.C. Code at § 2-1403.16 ("A private cause of action pursuant to this subchapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or discovery thereof…"); see also Jones v. Howard University, 574 A.2d 1343, 1345 (D.C. 1990); Weiss v. Int'l Brotherhood of Elec. Workers, 729 F. Supp. 144, 145-46 (D.D.C. 1990).

Because Plaintiff was terminated from Sodexho on June 10, 2005, the limitations period under the D.C. Act expired one year later, on June 10, 2006. As a result, Plaintiff's claims under the D.C. Act are time-barred by well over six months. See Jones, 574 A.2d at 1345 (employee's claim of discrimination begins to run on date of termination where she does not allege any separate acts of discrimination after that date).[3]

---

[3] The D.C. Act's limitations period may be tolled during the time the plaintiff has a complaint pending with the D.C. Office of Human Rights. See § 2-1403.16(a) ("The timely filing of a complaint with the Office, or under the administrative procedures established by the Mayor pursuant to Section 303 [§ 2-1403.03], shall toll the running of the statute of

Consequently, counts III-VI of the amended complaint should be dismissed.

### C. Some Of Plaintiff's Claims Are Barred By A Release Agreement He Signed.

After filing an EEOC charge in July 2004, Plaintiff and Sodexho reached a settlement supervised by the EEOC's mediation process. See Exhs. 2 and 3. Plaintiff executed a Settlement Agreement on November 17, 2004 wherein he "accepts these terms as full and final settlement of his Complaint as well as any other claims [Plaintiff] has made or could have made against Sodexho." See Exh. 3 at ¶ 1. In the agreement he signed, Plaintiff also promised to release:

──────────────────── (Footnote Continued)

limitations while the complaint is pending.") This tolling provision, however, does not salvage Plaintiff's claims under the D.C. Act from dismissal. In this respect, Plaintiff does not allege that he ever filed his EEOC charges with the D.C. Office of Human Rights. In fact, in response to Defendant's Freedom of Information Act request seeking documents filed by Plaintiff, the D.C. Office of Human Rights responded that "[w]e have no filings or documents of this case in our office." See Exhs. 6 and 7. In the absence of such a filing, the D.C. Act's tolling provision does not apply. Even assuming Plaintiff did file his charges with the D.C. Office of Human Rights, he cannot assert claims under the D.C. Act because there is no evidence or allegation that the Office "dismissed such complaint on the grounds of administrative convenience, or … the complainant has withdrawn [the] complaint…" See § 2-1403.16(a). Fulfillment of one of those conditions is a mandatory prerequisite to maintaining a lawsuit under the D.C. Act. see also Weiss, 729 F. Supp.2d at 146-47 (Because the jurisdiction of the court and the D.C. Office of Human Rights "are mutually exclusive," the court dismissed plaintiff's claim under the D.C. Act because, although she had previously filed a complaint with the Office of Human Rights, "[n]owhere in her complaint, however, does [plaintiff] state that the complaint was withdrawn in timely fashion or dismissed for administrative convenience.")

- 7 -

> Sodexho from any and all claims, demands, and causes of action of any kind whatever (collectively referred to "Claims"), whether known or unknown, which he now has or ever has had against it, from the beginning of time to the date of this agreement.

See Exh. 3 at ¶ 2.  See also id. at ¶ 3 (reiterating scope of plaintiff's release.)

Even though Plaintiff signed a settlement agreement on November 17, 2004 releasing Sodexho from "any and all claims" prior to that date, Plaintiff alleges in his amended complaint that he was subjected to unspecified incidents of discrimination reaching back to 2001, including claims contained in his 2004 EEOC charge.  See amended complaint at ¶7.

It is a bedrock principle in modern jurisprudence to encourage the settlement of claims, and to allow parties to escape settlement agreements is an affront to that principle.  Resolving claims through settlement, rather than litigation, conserves not only the resources of the parties, but also the scarce resources of the judiciary.  Moore v. Jones, 542 A.2d 1253, 1255 (D.C. 1988) ("To encourage voluntary settlements, settlement agreements should not be modified in favor of either party, absent the most compelling reasons."); Isaac v. First Nat'l Bank of Maryland, D.C., 647 A.2d 1159, 1162 (D.C. 1994) ("It will not do for a man [or woman] to enter a contract, and, when called on to respond to its obligations, to say that he [or she] did not read it when he [or she] signed it, or did not know what it contained.") (citation omitted); Faris v. Williams WPC-I, Inc., 332 F.3d 316, 321 (5th Cir. 2003) ("[P]ublic policy favors voluntary settlement of

employment discrimination claims brought under Title VII.") (citation omitted). Indeed, the encouragement of settlement at the commencement of litigation is codified in Local Rules 16(c)(4) and (5) of the Court.

A particularly instructive case is the D.C. Circuit's decision in Francis v. Rodman Local Union 201 Pension Fund, 367 F.3d 937 (D.C. Cir. 2004). In that case, the plaintiff sued a pension fund to recover benefits allegedly due to him. In connection with an earlier lawsuit plaintiff had filed involving the pension fund, he signed a settlement agreement whose operative language declared:

> In consideration of [plaintiff's] full discharge of past, present and future claims … arising out of or related to this lawsuit against defendants, and the underlying claims upon which this lawsuit is based, including but not limited to claims for back pay, compensatory damages, punitive damages and individual counsel's attorneys' fees and costs … defendants agree to pay [plaintiff] the sum of $150,000 in damages. This settlement shall apply to all claims [plaintiff] has against defendants in this case to the effect that this agreement shall be a full, final and complete settlement between the parties to this agreement.

Id. at 940 (emphasis deleted).

Based on this language, the D.C. Circuit ruled that plaintiff's claim could not proceed. The operative language in the agreement Plaintiff signed is remarkably similar to the language found sufficient in Francis to preclude plaintiff's claims. See Anzueto v. Washington Metropolitan Area Transit Authority, 357 F. Supp.2d 27, 31 (D. D.C. 2004) (finding that an employee was barred from bringing a Title VII claim after signing a release

- 9 -

discharging "any and all grievances," and that the language was "very clear and the average person reading it would undoubtedly be able to comprehend the consequences of signing such a document"); Bolling Federal Credit Union v. Cumis Ins. Soc., Inc., 475 A.2d 382, 385 (D.C. 1984) (agreement which provided that party was released from "all claims of any kind" acted as a valid release of all claims).[4]

Based on these authorities, the Court should dismiss any claim by Plaintiff based on incident arising prior to November 17, 2004.

---

[4] Plaintiff alleges that Sodexho violated the "mediation settlement agreement" (Exh. 2) by subsequently discriminating and retaliating against him. See amended complaint at ¶¶ 2, 13-14. If Plaintiff is posturing to annul that mediation settlement agreement (and thus revive his pre-November 2004 claims) based on Sodexho's alleged breaches, he misses the mark. Sodexho's obligation not to discriminate or retaliate against Plaintiff was a preexisting obligation required by Title VII and, therefore, was not the consideration supporting Plaintiff's waiver of his claims. The consideration Sodexho provided to Plaintiff to support that agreement was in the form of compensation, which Plaintiff accepted and retained. In addition, because the separate "agreement and release" Plaintiff signed (attached as Exhibit 3) says nothing about Sodexho's obligation toward Plaintiff with respect to non-discrimination or retaliation, Sodexho's alleged discrimination and retaliation of Plaintiff is not a breach of *that* agreement. In other words, the "agreement and release" attached as Exhibit 3 independently precludes Plaintiff from asserting pre-November 2004 claims even if the "mediation settlement agreement" were somehow voided.

## IV.  <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should dismiss all claims in Plaintiff's amended complaint except his claim of retaliatory discharge under Title VII in count III.

Respectfully submitted,

/s/
Todd J. Horn
D.C. Bar No. 470780
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland  21201
Phone:  (410) 244-7709
Fax:  (410) 244-7742
Email:  thorn@venable.com

Counsel for Defendant.