# EXHIBIT 3

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") is made and entered into by and between Abduljalil Maryland ("Maryland") and Sodexho Management, Inc. and each of its parents, subsidiaries, divisions, affiliates, agents, employees, stockholders, directors, officers and attorneys, and all of their predecessors and successors (all collectively referred to as "Sodexho") to resolve certain claims raised by Maryland in connection with his employment with Sodexho.

WHEREAS, Maryland filed a Complaint of Discrimination with the Washing D.C. Office of Human Rights and the Equal Employment Opportunity Commission, Case No. 100-2004-00685 ("Complaint");

NOW THEREFORE, and in consideration of the mutual promises set forth herein, the parties hereto agree as follows:

1. Sodexho agrees it will pay Maryland $2,000.00, for which Maryland will receive an Internal Revenue Service Form 1099. In addition, Sodexho will increase Maryland's wage rate by Zero Dollars and Seventy Cents ($.70) per hour. This will raise Maryland's hourly wage rate to $11.00 per hour. Maryland accepts these terms as full and final settlement of his Complaint as well as any other claims that Maryland has made or could have made against Sodexho. Any and all tax obligations associated with Maryland's receipt of this settlement sum, whether arising under federal, state or local laws, shall be the sole responsibility of Maryland. Maryland agrees to indemnify and hold harmless Sodexho for any tax liability, interest, or penalty that may in the future be assessed arising out of the payments referenced herein. Maryland admits that this amount represents compensation to which he would not otherwise be entitled, but for his promises in this Agreement.

EXHIBIT
tabbies
3

2. Maryland releases Sodexho from any and all claims, demands, and causes of action of any kind whatever (collectively referred to as "Claims"), whether known or unknown, which he now has or ever has had against it, from the beginning of time to the date of this Agreement. Further, Maryland agrees to secure the dismissal of his Complaint with the appropriate agencies.

3. Without limiting the generality of paragraph 2 above, and in addition to and independent of that paragraph, Maryland releases Sodexho from any and all Claims arising prior to the execution of this Agreement, whether known or unknown, which he now has or ever has had, and which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or in any way connected with: (i) his employment with Sodexho; (ii) the events referred to or any matter or thing claimed or alleged or that could have been claimed or alleged in the Complaint; (iii) any charges or Claims of discrimination in violation of any applicable law, rule, regulation or order, including, but not limited to, the Age Discrimination in Employment Act; and (iv) any other Claims of breach of contract (express or implied, in fact or in law), breach of covenant, breach of duty, fraud, defamation, intentional or negligent infliction of emotional distress, intentional misrepresentation or other tortious conduct of any kind.

4. Maryland agrees and represents that it is within his contemplation that he may have claims against Sodexho of which, at the time of the execution of this Agreement, he has no knowledge or suspicion, but he agrees and represents that this Agreement extends to all Claims in any way based upon, connected with or related to the matters described in paragraphs 2 and 3 whether or not known, claimed or suspected by him.

2

5. Maryland further agrees and covenants not to assist or encourage others in making or filing any lawsuits, complaints, or other proceedings, or to join any such proceedings, against Sodexho.

6. The parties hereto covenant not to disclose the existence of this settlement or its amount or the contents of this Agreement, except as necessary to comply with lawful obligations, such as to tax preparers, insurers, attorneys or accountants, in which case those individuals will be advised of the confidential nature of the terms of this Agreement and that they must treat it as confidential; provided that responding to an inquiry about the Complaint by saying that it has been resolved, without discussing the amount of the settlement or the terms of this Agreement, and that the terms of the resolution are confidential, shall not be a violation of this covenant. In the event of a breach by Maryland of the provisions of this paragraph, Maryland will forfeit his right to retain any of the monies paid to him as a result of this Agreement.

7. Sodexho denies the allegations of the Complaint or any wrongdoing whatsoever. This Agreement is made to buy peace and for no other reason. It shall not be deemed an admission of liability, or of a violation of any applicable law, rule, regulation or order, of any kind.

8. Maryland agrees that he has been advised in writing to consult with an attorney prior to executing this Agreement.

9. Maryland acknowledges that he has been given a period of twenty-one (21) days within which to consider this Agreement. In addition, Maryland shall have seven (7) days from the date of his signature within which to revoke his consent to this Agreement. Payment of the

amounts described in Paragraph 1 will be made after the expiration of the revocation period discussed herein.

10. This Agreement shall be binding upon all parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of all parties and their successors and assigns.

11. The parties hereto declare that they know and understand the contents of this Agreement, that they have executed it voluntarily and that they understand that, after signing this Agreement, they cannot proceed against any person mentioned in it with respect to or on account of any of the matters referred to in it.

12. If any party prevails upon any legal action resulting from any breach of this Agreement, he or it shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing or attempting to enforce any of its terms, covenants, or conditions and all costs and expenses, including reasonable attorneys' fees, incurred in any appeal from an action brought to enforce any of its terms, covenants, or conditions.

13. Each party and counsel for each party has reviewed and revised, or has had the opportunity to review and revise, this Agreement and accordingly any rules of construction of Maryland to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any amendment of it.

14. This Agreement constitutes the entire Agreement between Maryland and Sodexho pertaining to the subject contained in it and supersedes all prior and contemporaneous agreements, representations and understandings between the parties. Any prior agreements, promises, negotiations, or representations, either oral or written, relating to the subject matter of

this Agreement not expressly set forth in this Agreement are of no force or effect. This is an integrated Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular whatsoever except by a writing duly executed by Maryland and an authorized representative of Sodexho.

15. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together constitute one and the same instrument.

16. This Agreement shall be construed and governed exclusively by the laws of the State of Maryland. If any part of this Agreement is found to be unenforceable, all the remaining provisions shall nevertheless remain valid and enforceable.

IN WITNESS WHEREOF, the undersigned have executed this Agreement and Release as of this 17 day of Nov , 2004

_____
Abduljalil Maryland

SODEXHO MANAGEMENT, INC.

By: _____
Kimberly J. Hansen
Senior EEO Representative

5