IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULJALIL MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 05-1538 (RMC) |
| | * | |
| SODEXHO, INC., | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \*      \* \* \* \* \*

**<u>STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY</u>**

The Parties, through their undersigned counsel, hereby agree and stipulate that the following Protective Order of Confidentiality shall control the use and disposition of documents and information (including computerized information) provided to the receiving person concerning the contents of employee personnel files, business sensitive information, or non-publicly available medical or financial records (hereinafter collectively referred to as "Confidential Materials").

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED this ___ day of January, 2007, that the following Protective Order pertaining to confidential information shall govern discovery in the above-captioned matter, as follows:

    1.    For purposes of this Stipulated Protective Order of Confidentiality:

    a. The term "person" shall mean any natural person, corporation, proprietorship, group, association, organization, business entity, governmental body or agency. The use of the singular form of any work herein includes the plural and vice versa.

    b. The term "producing person" shall mean any person from whom information, whether oral or in documentary or other tangible form, is disclosed in this litigation in accordance with any method permitted by the Federal Rules of Civil Procedure.

    c. The term "receiving person" shall mean any person to whom information, whether oral or in documentary or other tangible form, is disclosed in this litigation in accordance with any method permitted by the Federal Rules of Civil Procedure.

    d. The term "document" shall mean the original and any copy of any written or recorded material, in whole or in part, including without limitation, computer-stored and computer retrievable information.

  2. All designated Confidential Materials produced or disclosed by Defendant shall be used by the receiving person only for the purpose of preparing for and conducting this litigation. The parties may disclose such confidential information only to the following persons:

    a. Counsel of record who are actively engaged in the conduct of this litigation, and the partners, associates, support personnel and other third-party clerical/photocopying contractors working under their supervision, to the extent reasonably necessary to render professional services in the litigation to the parties in this action;

    b. experts retained for consultation or for testimony in this litigation and any necessary assistants and personnel under their direct supervision and employed by them or their employer or organization;

    c. authors and original and copy addresses of such Confidential Materials;

    d. court officials involved in this litigation or the resolution thereof (including court reporters, official translators, persons operating video recording equipment at depositions, and any special master, mediator, or arbitrator appointed by the Court), provided that any

- 2 -

Confidential Materials submitted to or filed with the Court shall not be filed until the parties have engaged in good faith discussions regarding the protocol for protecting the confidentiality of any such Confidential Materials;

        e.    the Plaintiff, provided that he reviews this Protective Order and agrees to be bound by its terms prior to his receipt of any Confidential Materials;

        f.    witnesses or potential witnesses in preparation for or at depositions and/or trial, to the extent such Confidential Materials concerns a subject about which the witness will testify or may reasonably expect to testify; and

        g.    any other person whom the producing party agrees in writing, or whom a Court directs, should have access to such materials.

        3.    Each person listed in the previous paragraph who, in the course of this litigation, is given access to material designated as confidential, shall be advised that the material or information is being disclosed pursuant to, and subject to, the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof.

        4.    When Confidential Material is produced, each such document, or each folder containing multiple documents, shall be stamped or marked "Confidential Under Protective Order" or "Confidential." Testimony given at a deposition upon oral examination or a hearing or portions thereof, may be designated as confidential by an appropriate statement on the record at the time such testimony is offered or upon subsequent review and notification to counsel within ten (10) business days of receipt by the producing person or Party of the transcript of such testimony.

BA2/309114

5.  The provision of this Protective Order may be modified as to specified documents or other information by written agreement between counsel for the parties. If counsel cannot agree as to the disposition of such a request, any of them may apply to the Court for a ruling thereon.

6.  If the receiving person objects to the classification of any materials as "Confidential" at any time during the pendency of this case, the receiving person shall give written notice of the objection to the producing person within ten (10) business days after receipt of the materials with notice to the other Party. After such notice is made, the parties shall confer and in good faith attempt to resolve their differences. If they are unable to resolve their differences, the receiving person may apply to this Court for appropriate relief. The producing person shall have the burden of making such a showing in support of its position that objected to materials are Confidential in nature. During the time the Court considers any such request, the materials will continue to be treated as "Confidential" in accordance with this Order.

7.  The Protective Order is protective in nature only and shall not deprive any party of its rights to object to discovery by any other party of materials as to which objection to disclosure is made

8.  This Protective Order shall not apply to a public trial of this action, although this Protective Order is without prejudice to any party's right to move the Court for appropriate trial procedures with respect to claims of confidentiality.

- 5 -

9. Within thirty (30) days after termination of this action, including all appeals, the receiving person shall destroy or, if requested, return to counsel for the producing party all documents designated as confidential, except that each party's counsel of record may retain one archival copy of all documents which contain Confidential Material, which Material will nonetheless remain subject to this Protective Order.

10. This Protective Order is entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

_____
Rosemary M. Collyer
United States District Judge

- 6 -

The undersigned hereby consent to the form and entry of this Order.

| _____/s/_____ | _____/s/_____ |
|---|---|
| Gary S. Morris (D.C. Bar #457851) | Todd J. Horn |
| Cedric C. Y. Tan (D.C. Bar #464848) | D.C. Bar No. 470780 |
| Robert F. Vroom | Venable LLP |
| Kenyon & Kenyon LLP | 1800 Mercantile Bank Bldg. |
| 1500 K Street, N.W. | Two Hopkins Plaza |
| Washington, D.C.  20005-1257 | Baltimore, Maryland  21201 |
| Phone:  (202) 220-4200 | Phone:  (410) 244-7709 |
| Fax:  (202) 220-4201 | Fax:  (410) 244-7742 |
| | Email:  thorn@venable.com |
| Counsel for Plaintiff | Counsel for Defendant |