UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULJALIL M. MARYLAND,<br>　　　*Plaintiff*,<br><br>　　v.<br><br>SODEXHO, INC.,<br>　　　*Defendant*. | Civil Action No. 05-1538 (RMC) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION TO
<u>DISMISS PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT</u>

I. <u>INTRODUCTION</u>

Defendant seeks to avoid the merits of the case and asks the Court to dismiss some portions of the Amended Complaint by arguing that it is: untimely, not the subject of the required administrative charge or barred by a prior release. Defendant's arguments fail and its motion should be denied.

In Sodexho's Answer, the original Complaint was described as a "two-page complaint contain[ing] nine unnumbered paragraphs." Mr. Maryland filed the original complaint *pro se* on July 29, 2005. Only with the Court's assistance was Mr. Maryland able to obtain representation but not until October 27, 2006. The Amended Complaint was filed on December 29, 2006. All counts in the Amend Complaint are properly before this Court.

Mr. Maryland was employed by Sodexho at its National Geographic Society account as a baker, and in other food-service industry positions, for many years before he

was fired in June 2005. Prior to his termination, Mr. Maryland filed an EEOC Charge of Discrimination on July 13, 2004, alleging both religious discrimination and a hostile work environment. After entering into a mediation settlement agreement with the EEOC and Sodexho in November 2004, Mr. Maryland was terminated on June 10, 2005. Following his firing, Mr. Maryland filed an EEOC Charge of Discrimination on June 22, 2005. After receiving a right to sue letter from the EEOC, Mr. Maryland filed the instant suit.

In his June 2005 Charge of Discrimination, Mr. Maryland alleged retaliation for his prior Charge, specifically referenced the settlement and provided the prior Charge number. As discussed below, all of three Mr. Maryland's Title VII claims in his Amended Complaint – and not just Count III's retaliatory discharge – are permissible because the "EEOC investigation which could reasonably be expected to grow out of the charge" would have involved the allegations made in the prior charge (which are the two remaining Title VII counts in the Amended Complaint: disparate treatment (Count I) and hostile work environment (Count II)).

Plaintiff's three remaining counts track the Title VII counts, but are made under the District of Columbia's Human Rights Act. Defendant asserts that these counts are barred under the statute of limitations as they "expired on June 10, 2006 at the latest" – however as these count share a common nucleus of operative facts, they "relate back" to the original Complaint under Fed. R. Civ. P. 15(c)(2) and are, therefore, timely.

Defendant's remaining argument – that some of the counts are barred by the prior settlement – is, at the very least, itself untimely. Although it is Plaintiff's position that the agreement does not bar its claims (discussed below), even if the Court construes it to

do so, the Court will need to consider numerous facts and factors not presently before it – such as Defendant's state of mind, education , assistance of counsel to name but a few – before deciding that it is enforceable.  As such, Defendant cannot clear the high hurdle of the requirements for a motion to dismiss.

## II. BACKGROUND

AbdulJalil Maryland is an African-American male and a member of the Islamic faith.  Mr. Maryland began his employment with Sodexho in 1998.  After the tragic events of September 11, 2001, Plaintiff began experiencing discrimination and disparate treatment because of his religious affiliation.  Despite the numerous complaints that Mr. Maryland made to Sodexho's management, the discrimination continued and Mr. Maryland filed a charge of discrimination with the EEOC stating that he was denied a promotion and harassed because of his religious beliefs in violation of Title VII.

The EEOC pursued the charge on Mr. Maryland's behalf.  The parties accepted the EEOC's invitation to engage in mediation and settled the dispute.  In exchange for Mr. Maryland's agreement not to institute a law suit under Title VII, on November 22, 2004, Defendant signed an agreement in which:

> Respondant [Sodexho] agrees that there shall be no ***discrimination*** or ***retaliation*** of any kind against Charging Party [Plaintiff] as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the ADA, the ADEA, or Title VII, as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

(Ex. 2) (emphasis added).[1]

---

[1] Citations to numerical exhibits are to the exhibits filed with Defendant's Memorandum of Points and Authorities.

-3-

However, in violation of the terms of that agreement, and in violation of Title VII and the D.C. Human Rights Act, Mr. Maryland was subjected to further discrimination, including disparate treatment and hostile work environment, and retaliation for his protected actions. On June 10, 2005, Defendant fired Mr. Maryland, purportedly for using profanity. However, other employees of Defendant had used profanity and had not been fired.

Mr. Maryland filed a Charge of Discrimination with the EEOC on June 22, 2005. Mr. Maryland was issued a right to sue letter on June 30, 2005, and, as a *pro se* plaintiff, filed suit in this Court on July 29, 2005. Mr. Maryland unsuccessfully sought legal counsel and asked the Court to appoint counsel. Mr. Maryland's first appointed counsel withdrew due to a conflict and the undersigned counsel accepted the case *pro bono* on October 27, 2006. At the Initial Scheduling Conference held December 8, 2006, the Court granted Plaintiff's oral motion seeking leave to amend the Complaint.

On December 29, 2006, Mr. Maryland filed an amended complaint containing six counts. Counts I-III aver disparate treatment due to religious beliefs, hostile work environment due to religious beliefs and retaliation for filing an EEOC Charge of Discrimination, respectively. Counts IV-VI make the same averments but in violation of the District of Columbia's Human Rights Act.

### III.    LEGAL DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under *Rule 12(b)(6)*, a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. *Hazel v. Washington Metro. Area Transit Auth.*, No. 02-1375, 2006 U.S. Dist. LEXIS 89139, at *11 (D.D.C. Dec. 1, 2006); see *Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d

156, 165 (D.C. Cir. 2003). Stated differently, a dismissal for failure to state a claim upon which relief may be granted is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hazel* at \*12; *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

### A. Plaintiff's Claims Were Administratively Exhausted

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved. *Id.*

In his EEOC Charge of Discrimination (100-2005-01357) ("2005 Charge"), Plaintiff references his previous EEOC Charge of Discrimination (100-2004-00685) ("2004 Charge") – in which he alleged that Sodexho had discriminated against him and created a hostile work environment. By specifying retaliation for the 2004 Charge in his 2005 Charge, Plaintiff satisfied the duel purposes of the general Title VII rule. Furthermore, under the current law "'the sweep of any subsequent judicial complaint' is no broader than 'the scope of the EEOC investigation which could reasonably be expected to grow out of the charge' filed in the EEOC complaint." *Hazel v. Washington Metro. Area Transit Auth.*, No. 02-1375, 2006 U.S. Dist. LEXIS 89139, at \*25-\*26 (D.D.C. Dec. 1, 2006), *citing Wedow v. City of Kansas City, Mo.,* 442 F.3d 661, 674 (8th Cir. 2006).

As Plaintiff's 2005 Charge referenced his 2004 Charge an EEOC investigation into the 2005 Charge would be reasonably expected to also require analysis of the 2004 Charge – which alleged discrimination and hostile work environment.  As such, and because Plaintiff has exhausted his administrative remedies under Title VII, Counts I-III are properly before this Court and should not be dismissed.

### B.  Plaintiff's Claims Are Not Barred By A Prior Agreement

There are two agreements that are potentially relevant to this action: the "Mediation Settlement Agreement" - Exhibit A to the Amended Complaint (also included with Defendant's Memorandum as Exhibit 2); and the "Agreement and Release" – Exhibit 3 to Defendant's Memorandum.  Plaintiff disputes Defendant's contention that the agreements preclude some of Plaintiff's claims.  Although Plaintiff contends that the releases are invalid for several reasons, Defendant's motion to dismiss falters right out of the gate.

A settlement agreement is a contract and its enforcement is governed by the established principles of contract law. *Hazel v. Washington Metro. Area Transit Auth.*, No. 02-1375, 2006 U.S. Dist. LEXIS 89139, at *25-*26 (D.D.C. Dec. 1, 2006).  When one party breaches a settlement agreement, the non-breaching party may choose either to enforce the agreement or to rescind it and sue on the original claims.  *Hazel* at *26.

Sodexho has breached the settlement agreement between itself and Plaintiff. According to Exhibit A of Plaintiff's Amended Complaint, under paragraph 4, "Respondent [Sodexho] agrees that there shall be no *discrimination* or *retaliation* of any kind against Charging Party [Mr. Maryland] as a result of filing this charge or against any person because of opposition to any practice deemed illegal under … Title VII, as a result

of filing this charge …" (italics added). Plaintiff's claims are not barred by the settlement agreement because Sodexho has breached that agreement by retaliating against Plaintiff, giving him the right either to enforce the agreement or to rescind it and sue on his original claims. *Hazel* at *26.

Moreover, for such a waiver to be valid, it must be knowing and voluntary. *EEOC v. Trucking Employers, Inc.*, et al., 561 F.2d 313, 318 (D.C. Cir. 1977); *Torrez v. Public Service Co. of New Mexico, Inc.*, 908 F.2d 687, 688 (10th Cir. 1990). Waivers of federal remedial rights are not lightly to be inferred and they must be "executed freely, without deception or coercion with a full understanding of what rights are being waived." *Torrez* at 689; *Trucking Employers* at 688.

Courts often look beyond the contract language and consider all relevant factors in assessing a plaintiff's knowledge and the voluntariness of the waiver. *Torrez* at 689. While evaluation of the language of the contract is necessary to determine the validity of the waiver of discrimination claims, the inquiry cannot end there. *Torrez* at 690. Especially in light of the strong policy concerns to eradicate discrimination in employment, a review of the totality of the circumstances, and considerations of the particular individual who has executed the release, is also necessary. *Torrez* at 690. In so doing, courts have considered the following circumstances and conditions under which the release was signed:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the

>waiver and accepted by the employee was already entitled by contract or law.

*Torrez* at 689-90.

A motion to dismiss for failure to state a claim based on the settlement agreement must necessarily fail if these factors are to be considered by the Court.

Furthermore, the record is unclear as to validity of the agreement cited by Defendant even when view in isolation from the totality of the circumstances and considerations of the particular individual who has executed the release.  For example, waivers that are knowingly and voluntarily made are enforced absent typical exceptions for fraud, duress, lack of consideration, or mutual mistake.  *Torrez* at 689 (citing *Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105, 107 (6th Cir. 1989).

Here, there is a question of whether the Agreement and Release (Ex. 3) that the Defendant cites is unenforceable due to lack of consideration.  The Mediation Settlement Agreement, which was signed by the Plaintiff, Defendant, and the EEOC, detailed the exchange of consideration received by both parties: "In exchange for the promises made by Sodexho … [Mr.] Maryland agrees not to institute a law suit under Title VII…" See Ex. 2.  The promises made by Sodexho included "no discrimination or retaliation against [Plaintiff] as a result of filing this [EEOC] Charge" and "a lump sum payment [to Plaintiff] in the amount of two thousand dollars" and an "increase in hourly pay rate from $10.30 per hour to $11.00 per hour."

However, the Agreement and Release does not add any additional promises made by or consideration given by Defendant.  The Agreement and Release only burdens the Plaintiff by requiring the Plaintiff to release Sodexho from " any and all claims … whether known or unknown."  Without any consideration given by Defendant, there

exists an issue of whether the Agreement and Release is enforceable.  Therefore, a motion to dismiss is inappropriate.

### C. Plaintiff Claims under the DCHRA Are Timely

Because Plaintiff's original Complaint was filed within the one-year statute of limitations applicable to the D.C Human Rights Act (DCHRA) claims, Counts IV-VI in the Amended Complaint are timely because they "relate back" to the filing of the original Complaint.  Federal Rule of Civil Procedure 15(c) provides that "an amendment of a pleading relates back to the date of the original pleading when … (2) the claim … asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

Rule 15(c) is to be liberally construed, and the Court should grant leave to amend as long as the original complaint sets forth the general fact situation sufficient to give the defendant adequate notice. *Governale v. Airborne Express, Inc.*, No. 95-CV-0541(CBA), 1997 U.S. Dist. LEXIS 7562, at *13 (E.D.N.Y. May 12, 1997); see *Zuurbier v. Medstar Health, Inc.*, 895 A.2d 905, 908 (D.C. 2006).  Adequate notice exists where there is a common core of operative facts, even where the statements in the amended complaint do not involve exactly the same set of facts as the original allegations.  *Governale* at *13. "Relation back is designed to foster the resolution of disputes on their merits rather than on the basis of pleading technicalities, to the extent that the resolution on the merits is consistent with the policies underlying statutes of limitations." *Zuurbier* at 908.  The purpose of the statute of limitations is to protect defendants from claims of which they have not received notice within a reasonable time after they accrued. *De Malherbe v. Int'l Union of Elevator Constructors, et al.*, 449 F. Supp. 1335, 1353 (N.D. Cal. 1978).

Plaintiff's original Complaint was filed with the district court within the statute of limitations period for the DCHRA.  The original Complaint contained allegations concerning the treatment to which Plaintiff was subjected.  For example, Plaintiff alleged that in April 2004 his manager call him "stupid, ignorant and other abusive names".  And that he was "verbally and physically assaulted" by a co-worker, reported it to the manager "on three different occasions; from years 2003 through 2005.  Such allegations contained in the original Complaint show that the Amended Complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

DCHRA claims have a one-year statute of limitations.  Sodexho terminated Plaintiff on June 10, 2005, and the original Complaint was filed with the district court of July 29, 2005.  As that pleading set forth or attempted to set forth allegations that violate the DCHRA, Plaintiff's Counts IV-VI alleging violations of the DCHRA relate back and should not be dismissed as barred by the statute of limitations.  Moreover, it is undisputed by Defendant that Plaintiff's original Complaint asserted a Title VII claim for retaliation.  Plaintiff's Amended Complaint seeks to add a DCHRA claim for retaliation: Count VI.  An amendment which asserts a claim under a different statute, but which arises out of the same conduct relates back to the date of filing of the original complaint.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny Defendant's Motion to Dismiss Claims I-II and IV-VI in Plaintiff's Amended Complaint.

-11-

Dated: February 1, 2007                     Respectfully submitted,

                                            _____/s/_____
                                            Gary S. Morris  (D.C. Bar # 457851)
                                            Cedric C. Y. Tan  (D.C. Bar # 464848)
                                            Robert F. Vroom
                                            KENYON & KENYON LLP
                                            1500 K Street NW
                                            Washington, DC 20005-1257
                                            Tel:  (202) 220-4200
                                            Fax: (202) 220-4201
                                            gmorris@kenyon.com

                                            Attorneys for Plaintiff
                                            AbdulJalil M. Maryland