IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULJALIL MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 05-1538 (RMC) |
| | * | |
| SODEXHO, INC., | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * *

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT**

**I.  INTRODUCTION**

Defendant Sodexho, Inc. demonstrated in its motion to dismiss that the new claims Plaintiff Abduljalil Maryland asserts in his amended complaint cannot withstand the scrutiny of this Court's precedent. Although Plaintiff offers several creative arguments to salvage his claims from dismissal, he cites no case law that support them. This is not surprising because, as discussed below, the governing case law rejects his positions.

**II.  DISCUSSION**

**A.   The Court Should Dismiss The Title VII Claims That
Plaintiff Did Not Raise In The Operative EEOC Charge.**

Sodexho demonstrated that the Court should dismiss Plaintiff's claims of religious discrimination, religious harassment, and non-termination retaliation under Title VII because he never raised those claims in the EEOC

charge that underlies this lawsuit.  See Def.'s Mot. to Dismiss Memorandum ("Def. Mem.") at 4-6 (and cases cited therein).

Although the 2005 EEOC charge upon which Plaintiff predicates this lawsuit **only** alleged retaliation (Def. Ex. 4), Plaintiff suggests that he can litigate religious discrimination and harassment claims because his 2005 charge "references" the EEOC charge he filed in 2004 (Def. Ex. 1) which alleged religious discrimination.  See Pl. Opp'n at 5-6.  Plaintiff's assertion, for which he cites no authority, would eviscerate Title VII's exhaustion requirement because it would permit plaintiffs to revive long-defunct EEOC charges merely by making reference to them in subsequent EEOC charges.

A remarkably similar case is Williams v. Little Rock Mun. Water Works, 21 F.3d 218 (8th Cir. 1994).  In Williams, plaintiff filed a charge with the EEOC in 1987 alleging race discrimination in the denial of a pay raise and a promotion.  Although the EEOC issued a right-to-sue notice, plaintiff did not sue her employer.  Three years later, plaintiff filed a second EEOC charge alleging that she had been denied a promotion and a merit raise in retaliation for filing the 1987 charge.  After receiving her right-to-sue notice, plaintiff filed a lawsuit alleging both race discrimination and retaliation.

The employer moved to dismiss plaintiff's race discrimination claims as beyond the scope of her 1990 charge, which was limited to retaliation.  Plaintiff argued the race discrimination allegations in her 1987

charge were related to her retaliation allegations in her 1990 charge because "but for the 1987 EEOC charge alleging race discrimination, the 1990 EEOC charge of retaliation would not have been necessary." Id. at 224. Notwithstanding plaintiff's *pro se* status, the court rejected her argument, reasoning that she only marked the box entitled "retaliation" in her 1990 charge, left the box marked "race" empty, and limited the text of the charge to retaliation allegations. Id. at 223-24.[1] Similarly, here, in his 2005 EEOC charge, Plaintiff only checked the "retaliation" box, left the box marked "religion" empty, and limited the text of the charge to a retaliatory termination allegation.

Because Plaintiff had previously filed a charge of religious discrimination against Sodexho, he certainly knew he could have asserted such a claim in his 2005 charge. Having failed to do so, Plaintiff is barred from bringing one now.[2]

---

[1] Contrary to Plaintiff's suggestion (Pl. Opp'n at 1), Title VII's exhaustion and limitations requirements should not be ignored out of sympathy to a litigant because he used to be *pro se*. See Mohasco Corp. v. Silver, 477 U.S. 807, 824-25, 100 S. Ct. 2486, 2496-97 (1980).

[2] Plaintiff's opposition does not shed any light on what degree he asserts Title VII retaliation claims beyond his termination. Nevertheless, as Sodexho established in his principal motion, because Plaintiff's EEOC charge was limited to a claim of retaliatory termination, he cannot litigate other, although undisclosed, claims of retaliation. Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 138 (D.D.C. 2004) ("Individual acts of retaliation that form the basis of retaliation claims also are included within the Supreme Court's list of discrete discriminatory acts, and

**B.     The Court Should Dismiss Plaintiff's Claims Under the D.C. Human Rights Act.**

As a result of Plaintiff's termination from Sodexho on June 10, 2005, the one-year limitations period under the D.C. Human Rights Act ("D.C. Act") expired on June 10, 2006. Consequently, the various claims Plaintiff asserts under the D.C. Act in Counts IV-V of his amended complaint should be dismissed. See Def. Mem. at 6-7.

Plaintiff admits that his new religious discrimination claims under the D.C. Act are untimely, but believes they "relate back" to the time he filed his retaliation complaint under Rule 15(c)(2), Fed. R. Civ. P.[3/] Although Plaintiff cites case law generally discussing Rule 15(c)(2), he cites no case holding that a claim of religious discrimination relates back to a claim of retaliation. Nor can he, because his new broad-based claims of religious discrimination and harassment are fundamentally different from the discrete claim of retaliation in the original complaint. See, e.g., Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (rejecting plaintiff's argument that "her age discrimination claim arose from

———————————— (Footnote Continued)

   therefore any claims stemming from those acts must be administratively exhausted.").

[3/]   That Rule provides that "an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

the same facts and circumstances as her sex discrimination charge and thus relates back to the original filing date," because pursuing an "entirely new theory of recovery" under the relation back theory would offend Title VII's exhaustion requirements).

Sodexho had no notice in the original complaint filed in 2005 that Plaintiff was asserting claims of religious discrimination or harassment, or any retaliation allegations beyond his termination.  There simply is no "common core of operative facts" between an ongoing campaign of alleged religious mistreatment and a discrete termination based on alleged retaliation.  See Brown v. United States, 271 F. Supp. 2d 225, 230 (D.D.C. 2003) (proposed amendment alleging breach of a settlement agreement that resolved discrimination allegations did not relate back to race discrimination in promotion lawsuit because the two mattes are not "sufficiently alike or connected" inasmuch as they "do not deal with the same nucleus of facts, time periods, or legal theories").

Plaintiff has meticulously examined his original retaliation complaint to find some connection to his new claims of religious discrimination, but came up empty-handed.  See Pl. Opp'n at 10.  Indeed, Plaintiff's accusations against Sodexho in his original complaint are ***limited*** to the circumstances surrounding his termination on June 10, 2005, and are limited to accusations of retaliation.  His original complaint does not allege religious discrimination or harassment of any kind, and does not even contain

- 5 -

the word "religion" or refer to his Islamic beliefs. Plaintiff's stale claims are not revived by his allegations in his original complaint that other employees called him names or assaulted him in the past (Pl. Opp'n at 10) because those allegations were recited not as claims by Plaintiff, but as examples of alleged behaviors by *others* that did not result in *their* terminations.

### C. The Release Agreements Plaintiff Signed Bar Any Claim Arising After November 17, 2004.

Sodexho cited an unbroken line of authority demonstrating that Plaintiff's execution of settlement agreements on November 17, 2004 precludes him from asserting any claims arising after that date. See Def. Mem. at 7-10. Plaintiff's desire to break the promises he made in those agreements should not be countenanced by the Court, and he offers no valid reason for doing so.

First, Plaintiff suggests that, because Sodexho breached its promise in one of the two agreements that it would not discriminate or retaliate against him, he can rescind that agreement and assert all the claims he released thereunder. See Pl. Opp'n at 6-7. Plaintiff is mistaken. Plaintiff's pre-November 2004 claims are barred by *two* separate settlement agreements. See Def. Exhs. 2 and 3. While Plaintiff claims that Sodexho breached one of the settlement agreements by allegedly discriminating and retaliating against him (Def. Ex. 2), he does not contend, and cannot contend,

- 6 -

that Sodexho in any way breached the ***other*** settlement agreement (Def. Ex. 3) which contains no antidiscrimination or retaliation provisions.[4]

Second, Plaintiff tries to dodge his obligations under the settlement agreements by offering a conclusory assertion that he did not sign them knowingly and voluntarily. See Pl. Opp'n at 8. In this Court, however, one cannot rescind a settlement agreement based on conclusory assertions that he did not sign it knowingly and voluntarily. See Anzueto v. Wash. Metro. Area Transit Auth., 1992 WL 613240, *2 (D.D.C. June 8, 1992) (rejecting Title VII plaintiff's argument that he did not sign settlement agreement "knowingly and voluntarily" because he did not offer "specific facts as opposed to general allegations" to substantiate his argument) (citation omitted).

Moreover, the totality of the circumstances evidenced by the settlement agreements themselves proves that Plaintiff signed them knowingly and voluntarily. In this respect, among other factors: one of the settlement agreements was supervised by the EEOC (Def. Ex. 2); the language of both agreements is clear and specific; Plaintiff had 21 days to

---

[4] In any event, like all employers covered by Title VII, Sodexho's obligation not to discriminate or retaliate against Plaintiff was a preexisting obligation required by Title VII and, therefore, was not the consideration supporting Plaintiff's waiver of his claims. See United States v. American Renaissance Lines, Inc., 494 F.2d 1069, 1063 & n. 16 (D.C. Cir. 1974) (illusory promise is not operative as consideration for a contract). The consideration provided to Plaintiff to support the agreements was money, which Plaintiff accepted and retained.

consider the agreement (see Def. Ex. 3 at ¶ 9); Plaintiff had seven days after he signed the agreement to revoke it (id.); Plaintiff acknowledged that he knew and understood "the contents of this agreement, that [he has] executed it voluntarily…"(id. at ¶ 13); Plaintiff had the opportunity to review and revise the agreement (id. at ¶ 13); and Plaintiff "agrees that he has been advised in writing to consult with an attorney prior to executing this agreement." Id. at ¶ 8. Plaintiff cites no authority, and Sodexho is not aware of any, that would declare a release agreement voidable under these circumstances.

Even assuming that Plaintiff did not sign the settlement agreements knowingly and voluntarily, Plaintiff nevertheless is bound by the agreements under the doctrine of ratification. In this connection, it is undisputed that, after signing the settlement agreements, Plaintiff received and retained $2,000 as well as a pay increase from Sodexho. It is also undisputed that throughout the two year period after Plaintiff signed the release agreements, he never sought to repudiate the agreements or return the payments to Sodexho. Under these circumstances, Plaintiff has ratified the agreements and is bound by their terms, notwithstanding his nascent claim that he did not sign them knowingly and voluntarily. See Aseerry v. U.S. Postal Serv., 692 F.2d 1378, 1381-82 (Fed. Cir. 1982) ("Having voluntarily accepted the settlement and its benefits, [plaintiff] is equitably estopped to attack it"); Deren v. Digital Equip. Corp., 61 F.3d 1, 3 (1st Cir.

1995) (whether or not release agreements initially were secured through duress, plaintiffs ratified them by accepting and retaining the benefits they received under the agreements). Plaintiff also argues that the settlement agreements are not valid because they were not supported by consideration from Sodexho. See Pl. Opp'n at 8-9. Any such argument is sophistry since Sodexho paid Plaintiff $2,000 and increased his hourly wage to $11 an hour in exchange for Plaintiff's release, and Plaintiff "admits that this amount represents compensation to which he would not otherwise be entitled, but for his promises in this agreement." See Def. Ex. 3 at ¶ 1; see also Ex. 2 at ¶ 7 (reiterating monetary consideration).

## II. CONCLUSION

For these additional reasons, the Court should dismiss all claims in Plaintiff's Amended Complaint except his claim for retaliatory discharge under Title VII in Count III.

Respectfully submitted,

/s/
Todd J. Horn
D.C. Bar No. 470780
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland  21201
Phone:  (410) 244-7709
Fax:  (410) 244-7742
Email:  thorn@venable.com

Counsel for Defendant.