UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Abdul-Jalil Maryland,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civ. Action No. 05-1538 (RMC) |
| ) | |
| **Sodexho, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Abdul-Jalil Maryland initiated this lawsuit *pro se* against his former employer, Sodexho, Inc. In the original complaint, Mr. Maryland alleges that his termination in June 2005 violated the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. In an amended complaint filed by appointed counsel, Mr. Maryland further alleges that during his employment he was subjected to discrimination and harassment because of his Islamic faith in violation of Title VII and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq*. Sodexho moves to dismiss all counts of the amended complaint except Count III, which is based on the original Title VII claim of retaliatory discharge. Upon consideration of the parties' submissions, Sodexho's motion will be granted in part and denied in part.

### I. FACTUAL BACKGROUND

Mr. Maryland began his employment with Sodexho, a contractor of food and facilities management services, in March 1998. In July 2004, Mr. Maryland filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that

he was denied a promotion in September 2003 and was subjected to a hostile work environment and disparate treatment because of his religious affiliation. Def.'s Ex. 1. The case was settled in November 2004. Def.'s Exs. 2, 3. On June 10, 2005, Sodexho fired Mr. Maryland following an incident between Mr. Maryland and another employee during which Mr. Maryland used profanity. On June 22, 2005, Mr. Maryland filed a charge with the EEOC claiming retaliatory discharge. Def.'s Ex. 4.

## II.  DISCUSSION

Sodexho advances the following three reasons for dismissal of the amended claims. First, Mr. Maryland failed to exhaust his claims based on religious discrimination or harassment. Second, Mr. Maryland's claims brought under the D.C. Human Rights Act are barred by the one-year statute of limitations. Third, Mr. Maryland's claims are barred by the November 2004 settlement agreement.

Mr. Maryland counters with the following. First, that his reference in his June 2005 retaliation charge to the July 2004 discrimination charge preserves the claims "because the 'EEOC investigation [] could reasonably be expected to grow out of the charge.'" Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot. to Dismiss Portions of Pl.'s Amen. Compl. at 2. Second, that the local claims are timely because they relate back to the original complaint. Third, that the settlement agreement is void because Sodexho breached it by retaliating against Mr. Maryland. The Court will address each issue in turn.[1]

Exhausting administrative remedies is generally required before suing under Title VII, *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997), to allow "the agency an

---

[1] As will become evident, the Court need not address the third issue.

opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996); *accord Wiley v. Johnson*, 436 F. Supp. 2d 91, 94-95 (D.D.C. 2006). Moreover, "[a] Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir.1995) (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (omitting other citations)).

The June 2005 administrative charge and the original complaint are based solely on Mr. Maryland's claim of retaliatory discharge. As this Court has observed previously, the law does not hold an employee to the use of magic words to make out a proper discrimination charge. He must, however, alert the EEOC and the charged employer with the nature of the alleged wrongdoing. The EEOC charge form makes this extremely easy, with its boxes that an employee can merely check. If an employee is uncertain of the cause of discrimination that he believes has occurred, he need only describe it in the text of the charge form. *See Carter v. Washington Post*, No 05-1712, 2006 WL 1371677, at *4 (D.D.C., May 15, 2006) (Collyer, J.). On the EEOC charge form underlying this action, Mr. Maryland checked only retaliation as the circumstances of the alleged discrimination and identified the issue as his discharge on June 10, 2005. Def.'s Ex. 4 at 1. In the "particulars" section of the form, Mr. Maryland discussed only the termination and his belief that he "was terminated in retaliation for filing a previous EEOC Charge of Discrimination [that was] settled in my favor." *Id*. at 2. Without some indication in the EEOC charge of a claim based on religion, harassment, hostile work environment, or any workplace behavior occurring while he was employed, Mr. Maryland cannot proceed here on such claims.

3

*See Brown v. District of Columbia*, 251 F. Supp. 2d 152, 162 (D.D.C. 2003) (holding that plaintiff failed to exhaust administrative remedies on gender discrimination and retaliation allegations where she had "checked only the boxes for allegations of discrimination based on race and disability" and did not otherwise indicate such allegations); *see also Hunt v. District of Columbia Dep't of Corrections*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999) (holding that plaintiff failed to exhaust her administrative remedies when she "specifically checked the boxes for age discrimination and retaliation, but she did not check the box for gender discrimination" or otherwise indicate that "she was alleging gender discrimination"); *Sisay v. Greyhound Lines, Inc.*, 34 F. Supp. 2d 59, 64 (D.D.C. 1998) (finding a failure to exhaust administrative remedies where plaintiff "alleged only race discrimination and retaliation in his EEOC charge. Absent from that complaint is any indication of a claim of national origin discrimination either in the form of express words or factual allegations that would support such a claim").

Count VI of the Amended Complaint asserts a claim under the D.C. Human Rights Act based on the same "conduct, transaction, or occurrence" forming the basis of Mr. Maryland's retaliatory discharge claim timely filed under Title VII. Fed. R. Civ. P. 15(c). Because this claim relates back to the original complaint, it is not barred by the one-year statute of limitations.

### III. CONCLUSION

For the foregoing reasons the Court will grant Sodexho's motion as to Counts I, II, IV and V, and deny the motion as to Count VI. A memorializing order accompanies this Memorandum Opinion.

/s/
_____
ROSEMARY M. COLLYER
United States District Judge

Date: February 23, 2007